TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
FARAZ R. MOHAMMADI (Cal. Bar No. 294497)
Assistant United States Attorney
        United States Courthouse
        411 West 4th Street, Suite 8000
        Santa Ana, California 92701
        Telephone: (714) 338-3599
        Facsimile: (213) 338-3708
        E-mail:   faraz.mohammadi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 21-089-FLA |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR ANDREW LOPEZ |
| v. | |
| ANDREW LOPEZ, | Hearing Date:   January 14, 2022 |
| Defendant. | Hearing Time:   8:30 a.m. |

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Faraz R. Mohammadi,
hereby files its Sentencing Position for defendant Andrew Lopez.
//
//
//

1      This Sentencing Position is based upon the attached memorandum

2 of points and authorities, the files and records in this case, and

3 such further evidence and argument as the Court may permit.

4 Dated: December 30, 2021          Respectfully submitted,

5                                   TRACY L. WILKISON
                                    United States Attorney
6
                                    SCOTT M. GARRINGER
7                                   Assistant United States Attorney
                                    Chief, Criminal Division
8

9                                         /s/
                                    _____
10                                  FARAZ R. MOHAMMADI
                                    Assistant United States Attorneys
11
                                    Attorneys for Plaintiff
12                                  UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pursuant to a written plea agreement, defendant Andrew Lopez ("defendant") pled guilty to count one of the information in this case, which charges defendant with distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

The government has no objections to the Presentence Investigation Report (Dkt. No. 36, the "PSR") of the United States Probation and Pretrial Services Office ("USPPSO"). The government recommends that the Court sentence defendant to a term of imprisonment of 36 months, which is the low end of the guidelines range for the total offense level of 19 and the criminal history category of III calculated in the PSR. The government joins in USPPSO's recommendation for a three-year term of supervised release and a special assessment of $100, as set forth in USPPSO'S Recommendation Letter (Dkt. No. 35, the "Recommendation Letter").

### II.   OFFENSE CONDUCT

Defendant admits to knowingly distributing fentanyl, specifically approximately 36.71 grams of a mixture of substance containing a detectable amount of fentanyl. (Dkt. No. 30 (the "Plea Agreement"), ¶ 11.) He pled guilty to distributing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Dkt. Nos. 23, 33.)

### III.   SENTENCING GUIDELINES CALCULATION AND USPPSO RECOMMENDATION

#### A.   Offense Level and Criminal History Category

USPPSO calculated a total offense level of 19 for defendant's conduct, based on a base offense level of 22 under U.S.S.G § 2D1.1(c)(9) and a three-level downward departure for acceptance of responsibility under U.S.S.G § 3E1.1. (PSR ¶¶ 22, 29-30.) These

1  calculations mirror the terms set forth in the parties' plea

2  agreement (see Plea Agreement, ¶¶ 13, 3(c)), and the government

3  recommends that the Court adopt the calculations.

4  　　　　The government agrees with USPPSO's calculation of defendant's

5  criminal history score of 4, placing defendant in a criminal history

6  category ("CHC") of III.  (PSR ¶ 42.)

7  　　　　The guidelines range for the offense level and criminal history

8  category calculated by USPPSO is 37 to 46 months' imprisonment.  (PSR

9  ¶ 77.)

10  　　　**B.   USPPSO Recommendation**

11  　　　　The USPPSO recommends a sentence of 40 months' imprisonment, a

12  three-year term of supervised release, and a special assessment of

13  $100.  (Recommendation Letter at 1.)

14  **IV.   THE GOVERNMENT'S SENTENCING RECOMMENDATION**

15  　　　　The government believes that the low end of the applicable

16  guidelines range is an appropriate sentence and recommends that the

17  Court impose a sentence of (1) 37 months' imprisonment; (2) a three-

18  year period of supervised release; and (3) a special assessment of

19  $100.

20  　　　**A.   Legal Background**

21  　　　　"All sentencing proceedings are to begin by determining the

22  applicable Guidelines range," which serves as "the starting point and

23  the initial benchmark" for determining a reasonable sentence.  United

24  States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal

25  quotation marks and citation omitted).  The parties should then be

26  given an opportunity to argue for what they believe is an appropriate

27  sentence.  Id.  Following argument by the parties, the Court must

28  consider each of the sentencing factors listed in 18 U.S.C.

§ 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties." Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007). In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," that accounts for the defendant's history and characteristics, reflects the offense's seriousness, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

### B.   Analysis of Section 3553(a) Factors

Defendant's criminal conduct is serious and requires a period of incarceration to meet all of the goals of sentencing under section 3553(a). Defendant knowingly distributed fentanyl, conduct which endangers our society. A meaningful sentence is therefore required to promote respect for the law, hold defendant accountable, and ensure that defendant does not repeat these offenses.

Given these and related considerations, and under the particular facts of this case, the government believes a term of imprisonment of 37 months (the low end of the guidelines range for the offense level and criminal history category calculated by USPPSO), is appropriate and sufficient, but not greater than necessary, to address defendant's criminal conduct and the remaining factors the Court must consider under section 3553(a).

### V.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose the following sentence: (1) a 37-month term of

3

imprisonment; (2) a three-year period of supervised release; and
(3) the mandatory $100 special assessment.