```
Elon Berk, Esq. [SBN 209642]
```
**GUROVICH, BERK & ASSOCIATES, APC**
```
15250 Ventura Blvd., Suite 1220
   Sherman Oaks, California 91403
         Tel: (818) 205-1555
         Fax: (818) 205-1559
      Attorney for Defendant
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                   )<br>              Plaintiffs,          )<br>                                   )<br>v.                                 )<br>                                   )<br>ANDREW LOPEZ                       )<br>                                   )<br>              Defendant.           )<br>_____) | **CR NO.: 21-CR-00089-FLA-1**<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br><br><br>**Date: January 14, 2022**<br><br>**Time: 08:30 AM** |

**SENTENCING MEMORANDUM**

Defendant, Mr. Andrew Lopez, in accord with the decision in United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a), requests this Court to impose a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a).[1]  Those goals,

---

[1] *See* United States v. Cawthorn, 429 F.3d 793, 802 (8th Cir. 2005) ("Under § 3553(a), the court shall impose a sentence sufficient, but not greater than necessary, to, for example, account for the nature and seriousness of the offense, provide just punishment, deter criminal conduct, protect the public, and avoid sentencing disparities"); United States v. Angelos, 345 F.Supp.2d 1227, 1240 (D. Utah 2004) ("In imposing sentences in criminal cases, the court is required by the governing statute - the Sentencing Reform Act - to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth

the consideration of the "nature and circumstances of Mr. Lopez's offense, his "history and characteristics," and the other factors set forth in §3553(a) support a sentence of a below-guidelines sentence. As it stands, the stipulated guideline is "greater than necessary to achieve the goals of sentencing established by Congress." 18 U.S.C. § 3553(a).

### A. Background

Mr. Lopez's "history and characteristics" include the fact that at the age of forty-three, he has prior criminal history that reflects his difficult and unsupervised childhood, is a beloved brother, husband and father. Although he repeated crimes for which he was convicted in the past, he has been instrumental in the raising of his two children, specifically his daughter who is successfully working through her college career. The "nature and circumstances" of the offense include the fact that Mr. Lopez succumb to the pressure of providing for his family and reverted back to old habits he thought were a part of his prior life.

---

in [the Act]'"); and United States v. Neufeld, No. 04-10386, 2005 U.S. App. LEXIS 24790, *27 (11th Cir. Nov. 16, 2005) (unpublished):

> The first sentence of the federal sentencing statute commands the district judge to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the statute, such as "to provide just punishment for the offense" and "to afford adequate deterrents to criminal conduct." 18 U.S.C. § 3553(a).
>
> Under the new advisory-guidelines system, a more-than-adequate sentence would conflict with § 3553(a)'s injunction against greater-than-necessary sentences.

1    Mr. Lopez endured a troubled past.  The PSR memorializes his
2 upbringing well as do the letters submitted by his siblings (See
3 Exhibit "A").  Although this prior criminal history, Mr. Lopez stayed
4 out of this type of criminal activity upon release from prison in
5 2010.  He focused on being a better father than how he was raised.  He
6 was involved in his children's homework and everyday activities. Thus,
7 this crime to be an isolated incident over the past 10 years. Those
8 that have written this Court on behalf of Mr. Lopez have expressed his
9 trustworthiness along with his dedication to his friends, family and
10 emplyment.
11    In light of all obstacles facing him, Mr. Lopez followed a
12 typical course of gang and criminal activity. Yet, upon his release
13 from State Prison in 2010, he was motivated to change his life.
14    It could be stated that Mr. Lopez took on the primary goal to
15 successfully raise his children and enjoy his life with his wife.  By
16 all accounts, he's an excellent father and husband.  Exhibit "A" is a
17 collection of letters in support of Mr. Lopez which provide some great
18 insight into the person Mr. Lopez was at the time of arrest in this
19 matter.  He has always expressed to his family and friends the
20 importance of being a trustworthy and moral person.  In a very
21 difficult point in his life, Mr. Lopez had to explain to his family
22 the extent of his involvement in this matter.  He is truly remorseful
23 and ashamed at his actions that lead to the arrest in this matter.
24    As for the nature of the offense, Mr. Lopez set out to supplement
25 his income during a financially difficult time.  He fell on his old
26 instincts after leading a good life.  He understands that he failed as
27 a father, husband and member of his community.  He was working towards
28 being an example to his oldest daughter and he failed.  Perhaps a

passage from his daughter's letter explains Mr. Lopez's struggles best:

> *There's a homemade video of my first day home where my father puts me in my crib, welcoming me home, while at the same time apologizing for bringing me into his impoverished world. "Welcome to the ghetto, baby. But don't worry I'm going to make sure you get out of this hood one day," said my father, as he laid me down. He was only about 22 years old and very lost, psychologically, to all that fantasy love and loyalty for his childhood street friends who he was so accustomed to fighting and willing to die for before I was born. Yet, once he met me, he quickly made me his main priority; which I am grateful for.*

Mr. Lopez understands that his actions warrant a punishment by this Court. At the same time, he seeks the lowest possible sentence so that he can work on getting back to the path he embarked on over 10 years ago.

### B. Sentencing

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Pepper v. United States, 131 S.Ct. 1229, 1240 (2011) (citing Koon v. United States, 518 U.S. 81, 113, 116 (1996)). Mrs. Vishnesvky unquestionably failed her family and herself. Nonetheless, a lengthy prison sentence is unnecessary to achieve the goals of sentencing. Based on the analysis of all the factors set forth below, this Court can fashion a sentence that would meet the goals of sentencing without lengthy incarceration.

**1. Sentencing Guidelines**

The PSR concludes that the total offense level should be 19. The Probation Officer's calculation is based on an offense level of 22 and a 3-level reduction for acceptance of responsibility. In addition, the PSR calculated Criminal History would by at a level III.

Mr. Lopez explained his role in the offense. He accepted responsibility for his actions and admitted to his own role in the offiense. This Court, should consider the foregoing towards any sentence outside the guideline range.

**1. The Nature and Circumstances of the Offense, Section 3553(a)(1)**

The nature and circumstances of the instant offense are serious. Yet, as the Supreme Court recently reiterated, "the punishment should fit the offender and not merely the crime." Pepper, 131 S.Ct. at 1240 (citations omitted). He made a terribly unfortunate decision that is clearly aberrant when comparing analyzing the changes in Mr. Lopez's life in the past decade. The interests of the Government in deterrence, correction, rehabilitation, and resource conservation would not be served by a lengthy incarceration.

**2. The History and Characteristics of the Defendant, Section 3553(a)(1)**

Mr. Lopez is ashamed of having to explain his actions to his siblings, children and his wife. Mr. Lopez is a good person and is working on being a successful and contributing member of his community. All of the letters express similar character traits that have made a real impression in people's lives. He has an excellent chance to emerge from this case and continue to be a productive member of society. See, e.g., United States v. Sayad, 589 F.3d 1110,

1118-1119 (10th Cir. 2009) (finding downward variance reasonable where defendant was "good candidate for rehabilitation" based on defendant's recognition of seriousness of offense, strong family support, letters from the community, and lack of drug or sociopathic problems).

Mr. Lopez, respectfully, asks the Court to consider the prior years of his life in determining how he will spend the next few years. He is truly ashamed by his acts and is extremely remorseful. "But, surely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance." United States v. Adelson, 441 F.Supp.2d 506, 513 514 (S.D.N.Y. 2006).

**3. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, Section 3553(a)(2)(A)**

"There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment receives a slap on the wrist." United States v. Stern, 590 F.Supp.2d 945, 957 (N.D. Ohio 2008). The factual basis for Mr. Lopez's offense is set forth in his Plea Agreement. However, a lengthy custodial sentence is not necessary in this case to achieve the goals of sentencing. See Gall v. United States, 552 U.S. 38, 48-49 (2007)(noting that while custodial sentences are qualitatively more severe than probationary sentences, offenders on probation are nonetheless subject to substantial restrictions on their liberty, and that probation is not merely letting an offender off easily). "[A] sentence of imprisonment

may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." Gall, 552 U.S. at 54; see also United States v. Ontiveros, 2008 WL 2937539, at *3 (E.D. Wis. 2008)("[A] sentence that is disproportionately long in relation to the offense is unjust and likewise fails to promote respect [for the law].").

**4. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct, Section 3553(a)(2)(B)**

As discussed above, Mr. Lopez has felt severe consequences (being a convicted felon, loss of his reputation with his family) and will never be the same from this offense. From the perspective of general deterrence to the public at large, a short custodial sentence with supervised release will not encourage criminal behavior.  See Steven N. Durlauf & Daniel S. Nagin, Imprisonment and Crime: Can Both be Reduced?, 10 Criminology & Pub. Pol'y 13, 37 (2011) (deterrence is achieved with certainty of punishment, not its severity); Raymond Pasternoster, How Much Do We Really Know About Criminal Deterrence, 100 J. Crim. L. & Criminology 765, 817 (2010)([I]in virtually every deterrence study to date, the perceived certainty of punishment was more important than the perceived severity).

**5. The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant, Section 3553(a)(2)(C)**

Mr. Lopez's age, experiences and past criminal punishment will provide the Court with assurance that there is no need for a lengthy period of incarceration him to protect the public.  See, United States

Sentencing Commission, Recidivism: Criminal History Computation of the Federal Sentencing Guidelines (2004), Ex. 9 (which shows that those in the age group of over 50 who fall in criminal history category I have an especially low recidivism rate of 6.2% as compared to those under age 21 who recidivate at a rate of 29.5%) ; United States v. Carmona-Rodriguez, 2005 WL 840464, *5 (S.D.N.Y. 2005) (observing that those defendants "over the age of 40 . . . exhibit markedly lower rates of recidivism in comparison to younger defendants).

If this court is to find that the offense level is 19, the guideline range would be 37-46 months.  However, this Court may sentence below the aforementioned range, if such a sentence meets the goals of sentencing, as described previously herein. Such a sentence can be a period of home detention in stead of incarceration.

### C. Conclusion

This Court, in arriving at the sentencing decision in this case, must, of course, consult the United States Sentencing Guidelines. See United States v. Munoz, 430 F.3d 1357, 1369 (11th Cir. 2005). Nonetheless, courts must also consider the other factors set out in § 3553(a).  Indeed, in some instances, the guidelines may have little persuasive force in light of some of the other § 3553(a)  factors:

> Although "judges must still consider the sentencing range contained in the Guidelines, . . . that range is now nothing more than a suggestion that may or may not be persuasive . . . when weighed against the numerous other considerations listed in [§ 3553(a) ]." Id. at 787 (Stevens, J., dissenting). Indeed, as one district judge has already observed, the remedial majority in Booker [] direct[s] courts to consider all of the § 3553(a) factors, many of which the guidelines either reject or ignore. For example, under § 3553(a)(1) a sentencing court must consider the "history and characteristics of the defendant." But under

>   the guidelines, courts are generally forbidden to consider the defendant's age, his education and vocational skills, his mental and emotional condition, his physical condition including drug or alcohol dependence, his employment record, his family ties and responsibilities, his socio-economic status, his civic and military contributions, and his lack of guidance as a youth. The guidelines' prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant. United States v. Ranum, 353 F. Supp. 2d 984, 986 (E.D.Wis.2005) (citations omitted). Thus, mitigating circumstances and substantive policy arguments that were formerly irrelevant in all but the most unusual cases are now potentially relevant in every case.

United States v. Glover, 431 F.3d 744, 752-753 (11th Cir. 2005) (Tjoflat, J. specially concurring).[2]

The goals set forth in §3553(a)(2) consist of the "need for the sentence imposed:

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational, training, medical care, or other correctional treatment in the most effective manner

Mr. Lopez readily recognizes the seriousness of his offense and the hardship his actions have caused the public. He is extremely remorseful that he committed these acts. Nonetheless, it is his hope that the Court will find that the goals of §3553(a)(2) are met with a sentence that limits his incarceration. Surely such a sentence is "sufficient but not greater than necessary to comply

---

[2] *See also* United States v. Huerta-Rodriguez, 355 F. Supp.2d 1019, 1023 (D. Neb. 2005) ("post-Booker, the Sentencing Reform Act (SRA) requires the sentencing court to regard the guidelines' ranges as one of the many factors to consider in determining the sentence").

with" those goals.

Dated: January 7, 2022        Respectfully submitted,

/s/Elon Berk
Elon Berk, Esq.

DEFENDANT'S SENTENCING MEMORANDUM
Page 10 of 10

with" those goals.

Dated: January 7, 2022                    Respectfully submitted,

/s/Elon Berk
Elon Berk, Esq.

**DEFENDANT'S SENTENCING MEMORANDUM**
Page 10 of 10

with" those goals.

Dated: January 7, 2022                    Respectfully submitted,

/s/Elon Berk
Elon Berk, Esq.